UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————————

RACHEL FREILICH on behalf of herself and
all other similarly situated consumers

                            Plaintiff,

            -against-

PORTFOLIO RECOVERY ASSOCIATES, LLC

                            Defendant.
———————————————————————————

## CLASS ACTION COMPLAINT

### Introduction

1.      Plaintiff, Rachel Freilich, brings this action against Portfolio Recovery Associates, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.      Plaintiff is a citizen of the State of New York who resides within this District.

3.      Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.      Upon information and belief, Defendant's principal place of business is located in Norfolk, Virginia.

5.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Rachel Freilich

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about September 15, 2015, Defendant sent the Plaintiff a collection letter.

11. Said September 15, 2015 letter provided the Plaintiff with different settlement options and then stated "Your first payment must be received **NO LATER** than **10/16/2015**."

12. On or about January 8. 2016, Portfolio Recovery Associates, LLC sent another collection letter to the Plaintiff.

13. Said January 8. 2016 letter provided the Plaintiff with better settlement payment options than the one ones in the September 15th letter and then stated "**Your first or full payment must be received no later than *02/05/2016*.**"

14. The Defendant, by stating such language, generated by the Plaintiff, a feeling of urgency that led her to believe that she was truly under a time deadline to pay on the alleged debt.

15. Yet from the language in the January 8. 2016 letter, it is clear that those time-sensitive settlement offers were illusionary, as the Defendant was able to offer the Plaintiff superior offers to the ones presented in the September 15, 2015 letter.

16.     The Defendant's letters were deceptive and harassing to the Plaintiff as these time-sensitive settlement offers did not exist.

17.     The only reason why the Defendant made these statements was to pressure the Plaintiff into paying promptly.[1]

18.     If this was not so, the Defendant would not have offered the Plaintiff better payment options to the September 15, 2015 letter in the January 8. 2016 letter.[2]

19.     Defendant violated 15 U.S.C. § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

20.     Section 1692d of the FDCPA states that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." See 15 U.S.C. §1692d.  The proper legal standard under § 1692d takes into consideration the fact that "[w]hether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication."  Courts instead use a standard analogous to the least sophisticated consumer standard, which requires "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse."

21.     Sections 1692e and 1692e(10) of the FDCPA prohibit the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  This general prohibition is intended to cover the deceptive

---

[1] Dupuy v. Weltman, Weinberg & Reis Co., 442 F.Supp.2d 822, 828 (N.D.Cal. 2006) (Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.)

[2] DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012). ("The safe harbor language in *Evory* ("we are not obligated to renew this offer") did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e.")

collection acts and practices that do not fit the specific prohibitions given in the subsections of this section, as it would be impossible for Congress to foresee and list every type of deceptive collection misbehavior.

22.     In the context of settlement letters, many courts have held that settlement letters can be a positive for both debt collectors and consumers.   Nevertheless, in keeping with the statutory requirements, collection agencies may not be deceitful in the presentation of the settlement offer.[3]   In *Goswami*, the Fifth Circuit was presented with a letter from the defendant that stated that it could offer the plaintiff a 30% discount as long as it responded within the next 30 days, even though the defendant had authority to offer the discount for longer than the 30 days. Id. In reversing the district court's grant of summary judgment in favor of the defendant, the Fifth Circuit held that:

> While we agree it is important to permit collection agencies to offer settlement, that policy consideration does not remove collection agencies' obligation under the FDCPA to deal in a non- deceitful manner. A collection agency may offer a settlement; however, it may not be deceitful in the presentation of that settlement offer, as [defendant] was in this case…[The defendant's] deception is actionable under the FDCPA and is not excused because it is part of a debt collector's settlement offer.

Id. at 495-95. Referring to the actual letter at issue in *Goswami*, the court determined that for the following reasons, the defendant's letter was a violation of the FDCPA:

> The statement in the collection letter is untrue and makes it appear that [the original creditor's] offer of a 30% discount was a one-time, take-it-or-leave-it offer that would expire in thirty days. The obvious purpose of the statement was to push [the plaintiff] to make a rapid payment to take advantage of the purported limited time offer.

23.     Defendant's use of an illusory and arbitrary deadline was meant to deceive the Plaintiff to

---

[3] Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 299 (3d Cir. 2008) citing Goswami v. Am. Collections Enter., 377 F.3d 488, 496 (5th Cir.2004)).

make a prompt payment.

24. Defendant claimed that its settlement offer in the said letters was strictly contingent upon payment being received in the amount stated above by the due date stated, but upon information and belief, Defendant's time deadline is artificial. The Defendant intended to give the false impression that if the consumer does not pay the settlement offer by the deadline, then the consumer will have no further chance to settle their debt for less than the full amount.

25. Upon information and belief, the original creditor did not put any limitations on the time within which Plaintiff could accept an offer.[4]

26. The inclusion of a deadline in a settlement offer itself does not violate the FDCPA. However, in order to act consistently with 1692e, the debt collector "may not be deceitful in the presentation of the settlement offer."[5]

27. Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.[6]  A letter that leaves a consumer with such a false impression violates 1692e because an unsophisticated consumer may think that if they don't pay by the deadline, they will have no further chance to settle their debt for

---

[4] See DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19-20 (E.D. Pa. Sept. 27, 2012). (Stating "while the safe harbor language may ensure that the consumer will not perceive these letters as one-time offers, plaintiff alleges that the 35-day deadlines in the letters did not exist at all. Therefore, whether the least sophisticated consumer would perceive the [collection] letters as "one-time, take-it-or-leave-it" offers or as potentially renewable offers, each letter still contained false and misleading information because, as alleged by plaintiff, no deadline existed at all.)

[5] Campuzano, 550 F.3d at 299 (quoting Goswami v. Am. Collections Enter., 377 F.3d 488, 496 (5th Cir. 2004).

[6] Dupuy v. Weltman, Weinberg & Reis Co., 442 F.Supp.2d 822, 828 (N.D.Cal. 2006); [19] see also Goswami, 377 F.3d at 496.

less than the full amount.[7]

28.     Section 1692f of the FDCPA provides that a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Section 1692f then goes on to enumerate eight particular practices which are unfair or unconscionable.   However, § 1692f is not limited by this list of eight practices, and prohibits all unfair or unconscionable conduct on the part of a debt collector.[8]

29.     A claim under FDCPA provision prohibiting debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt" should be viewed through lens of the "least-sophisticated consumer."

30.     The real intent of the Defendant's language as stated above is to pressure the Plaintiff to "pay up" before the imagined and false deadline runs out.

31.     On information and belief, it is the Defendant's pattern and practice to mail such collection letters to debtors within the State of New York.

32.     The Defendant's January 8. 2016 letter violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f for harassing the Plaintiff and for engaging in deceptive, misleading, and unfair practices whilst attempting to collect on the alleged debt.

33.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

34.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt

---

[7] See DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012). (The court stated "In *Evory* … [T]he Seventh Circuit held that if a collection letter contained the language, "We are not obligated to renew this offer", an unsophisticated consumer would not be misled because "even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured… The safe harbor language in *Evory* did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e" The court noted "Moreover, I conclude that misrepresentations concerning deadlines in a collection letter constitute material misrepresentations. Therefore, plaintiff has stated a claim under 1692e even if non-material, false representations do not violate the FDCPA.")

[8] Reed v. Pinnacle Credit Services, LLC, 2009 WL 2461852 (E.D. Pa. Aug. 11, 2009). ("The list of § 1692f violations found in the subsections are non-exhaustive.") (Internal citations and quotations omitted)

collection communications.

35.   Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

36.   Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

37.   Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

38.   Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

39.   The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

40.   These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

41.   Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

42.    This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43.    The identities of all class members are readily ascertainable from the records of Portfolio Recovery Associates, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

44.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Portfolio Recovery Associates, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

45.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.   The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

46.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

47.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

48.   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

49.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

50.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51.   Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

52.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

53.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifty two (52) as if set forth fully in this cause of action.

54.   This cause of action is brought on behalf of Plaintiff and the members of a class.

55.   The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letter sent to the Plaintiff on or about January 8. 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f for harassing the Plaintiff and for engaging in deceptive, misleading, and unfair practices whilst attempting to collect on the alleged debt.

## Violations of the Fair Debt Collection Practices Act

56.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

57.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and

the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this

Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Brooklyn, New York
        November 3, 2016

                                    ___/s/ Maxim Maximov_____
                                    Maxim Maximov, Esq.
                                    Attorneys for the Plaintiff
                                    Maxim Maximov, LLP
                                    1701 Avenue P
                                    Brooklyn, New York 11229
                                    Office: (718) 395-3459
                                    Facsimile: (718) 408-9570
                                    E-mail: m@maximovlaw.com


Plaintiff requests trial by jury on all issues so triable.

                                    __/s/ Maxim Maximov_____
                                    Maxim Maximov, Esq.